IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAZARIO BROOKS, a/k/a | : | |
| DWIGHT BROOKS, | : | |
|     Plaintiff, | : | 1:18-cv-1678 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LIEUTENANT SEYMORE OF SCI- | : | |
| ROCKVIEW, | : | |
|     Defendant. | : | |

## **MEMORANDUM**

## **August 29, 2018**

Nazario Brooks a/k/a Dwight Brooks ("Brooks" or "Plaintiff"), originally filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. The Eastern District transferred the case to this Court on August 17, 2018. (Doc. 1). The matter is proceeding *via* a Second Amended Complaint.[1] (Doc. 2, p. 40). The only named Defendant is Lieutenant Seymore ("Seymore").

Brooks is proceeding *in forma pauperis*. (Doc. 1, p. 1). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the

---

[1] The Second Amended Complaint is forty-nine pages in length. This document sparked the opening of actions in the Eastern, Western and Middle Districts of Pennsylvania. (Doc. 1, pp. 8, 9). The only pages applicable to this action are one and forty.

complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

I. **STANDARDS OF REVIEW**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or

3

"extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. BACKGROUND

On April 24, 2012, Brooks filed in the United States District Court for the Eastern District of Pennsylvania his initial complaint alleging various violations of his constitutional rights. The case was assigned Civil No. 2:12-cv-2544. (Eastern District Civil No. 2:12-cv-2544, Doc. 17 ("E.D. Doc.")). (E.D. Doc. 17). Named as defendants are a number of state correctional institutions, including the State Correctional Institution at Rockview ("SCI-Rockview"). (*Id.* at 1). In a section titled "Added Remarks" he indicates that he "was beat up by Lieutenant Mr. Raymond Seymore" while incarcerated at SCI-Rockview. (*Id.* at 10). SCI-Rockview is named as a defendant; Seymore is not. (*Id.* at 1).

His complaint was accompanied by an application to proceed without prepaying fees or costs. (E.D. Doc. 1). On May 16, 2012, the case was statistically closed due to Plaintiff's failure to file a certified copy of his prisoner account statement. (E.D. Doc. 2). On July 10, 2012, he filed a prisoner trust fund account statement. (E.D. Doc. 3). On July 13, 2012, the court issued an order indicating that the case would remain closed based on Plaintiff's failure to again

file a certified copy of his prisoner trust fund account statement. (E.D. Doc. 4). According to an entry on the docket, the order was returned as undeliverable on July 24, 2012.

The case was dormant for the next four years. On August 31, 2016, and November 4, 2016, Brooks filed a prisoner trust fund account statement. (E.D. Docs. 7, 8). Between November 22, 2016, and October 2, 2017, he filed various documents including a "Motion to Petition to Have a Speedy Trial and for Suppression." (E.D. Docs. 9-13). On October 5, 2017, the court denied Plaintiff's motion as incomprehensible and the case remained closed. (E.D. Doc. 14).

On October 5, 2017, Plaintiff filed a second complaint concerning treatment at Norristown State Hospital. (E.D. Doc. 15). On October 25, 2017, the case was reopened; Plaintiff's initial complaint (E.D. Doc. 17) was dismissed without prejudice to his right to amend and his second complaint (E.D. Doc. 15) was dismissed without prejudice to his right to file a separate action. (E.D. Doc. 16).

Plaintiff filed an amended complaint on November 13, 2017. (E.D. Doc. 18). It, too, was dismissed without prejudice to Plaintiff's right to file a second amended complaint. (E.D. Docs. 20, 21). Because Brooks failed to file a second amended complaint, on May 17, 2018, the court dismissed the case for failure to prosecute. (E.D. Doc. 22).

5

On July 5, 2018, Plaintiff filed a Second Amended Complaint. (E.D. Doc. 23). The document is forty-nine pages in length and names a host of defendants. On August 17, 2018, the Eastern District reopened the case and transferred the portion of the second amended complaint concerning Seymore to this court. (E.D. Doc. 24). Therein, Brooks alleges that, on May 17, 2010, Defendant Seymore slammed him on the floor, placed him in handcuffs and smashed his left cheek, eye socket, and jaw bone on the medical housing unit floor. (Doc. 2, p. 40). He further alleges that he "heard [his] face by [his] ear crack when he done it." (*Id.*) He contends that Seymore's conduct amounted to cruel and unusual punishment, aggravated assault, harassment, torment and abuse. (*Id.*) He seeks relief in the form of medical repair to his jaw bone and face and monetary damages. (*Id.*)

## III. <u>DISCUSSION</u>

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face

of the complaint.  *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (holding if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is subject to the statute of limitations applicable to personal injury tort claims in the state in which such a claim arises.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009).  Plaintiff's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions.  42 PA.CONS.STAT.ANN. § 5524(2).

The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.  *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).  The date on which a prisoner action is commenced is the date on which the complaint is delivered to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date).

7

It is clear that the cause of action accrued on May 17, 2010, the date of the assault. It is also evident that the initial complaint, which was filed on April 24, 2012, was filed within the applicable statute of limitations. (E.D. Doc. 17). However, the amendment concerning Seymore, which was filed on July 5, 2018, is time-barred unless it relates back to the date the original complaint was filed. Federal Rule of Civil Procedure 15(c) governs the relation back of amended complaints. Rule 15(c) provides, in pertinent part, as follows:

>**(c) Relation Back of Amendments.**
>
>**(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
>* * *
>
>(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the identity of the proper party's identity.

FED.R.CIV.P. 15(c)(1); *see also DiLauri v. Mullen*, 477 F. App'x 944, 947 (3d Cir. 2012).

Based on the foregoing, we conclude that the Second Amended Complaint against Seymore is time-barred because it does not relate back to the original complaint. Initially, Seymore was not named as a defendant in the original complaint. In fact, his name first appears in a section titled "Added Remarks" that commenced on the tenth page of the original complaint. (E.D. Doc. 17, p. 0). As such, the amendment changes the party or the naming of a party against whom a claim is asserted. (E.D. Doc. 17, p. 1).

As noted *supra*, Rule(c)(1)(C)(i) requires that a newly named defendant must have received notice of the action during the Rule 4(m) period such that he will not be prejudiced in defending on the merits. FED. R. CIV. P. 15(c)(1)(C)(i). Notice need not be provided through actual service of process: "[N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means.... At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001). Brooks's original complaint, which was filed more than six years ago, has never been served on any party. (E.D. Doc. 17). Nor has his amended complaint, filed on November 13, 2017, been served on any party. Seymore

cannot possibly have any notice that he was an intended party in a lawsuit that was commenced more than six years ago, but never served on any party. As such, he is clearly prejudiced in defending this action on the merits. The Second Amended Complaint will be dismissed as time-barred.

## IV. **LEAVE TO AMEND**

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, it is clear that allowing Brooks leave to amend would be futile as the claim against Seymore is clearly barred by the statute of limitations.

## V. **CONCLUSION**

Based on the foregoing, Plaintiff's Second Amended Complaint (Doc. 2) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.